UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS DARNESS MCBRIDE,

        Petitioner,               Case Number: 2:07-CV-11156

v.                                HONORABLE AVERN COHN

BLAINE LAFLER,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S REQUEST TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Demetrius Darnell McBride (Petitioner) is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan, pursuant to convictions for armed robbery, being a felon in possession of a firearm, and felony-firearm. In his petition, Petitioner states that the petition contains unexhausted claims and asks the Court to hold his petition in abeyance while he exhausts those claims. For the reasons that follow, Petitioner's request will be granted.

II.

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, felon in possession and felony firearm. On October 14, 2003, he was sentenced to 23 years, 9 months to 50 years imprisonment for the armed robbery conviction, 2 to 5 years imprisonment for the felon-in-possession conviction, and 10 years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the

following claims:

    I.      The trial court abused his discretion by admitting evidence that binoculars, a pair of leather gloves, a knit cap, a ski mask, and a flashlight were found in appellant's car during an inventory search following appellant's arrest for armed robbery, thereby denying him his state and federal constitutional rights to a fair trial.

    II.     Defendant was convicted on the basis of irrelevant and inadmissible evidence of items found in his car in violation of his right to due process, and his trial attorney's failure to move to suppress the identifications denied him the right to effective assistance of counsel.

    III.    Defendant's constitutional rights were violated when the prosecution questioned defendant if his religious belief was that of the Islamic faith, clearly depriving him of a fair trial by deliberately examining his belief in God.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. McBride, No. 252505 (Mich. Ct. App. Aug. 16, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. McBride, 474 Mich. 982 (Mich. Dec. 27, 2005).

Petitioner filed the pending petition for a writ of habeas corpus on March 13, 2007, seeking to present the claims raised in the state courts and three additional claims.

I.

It is clear that state prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that he would like to present six claims for relief in a habeas petition, but admits that he has not yet presented three of

these claims in state court. He has filed a habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations. Petitioner asks the Court to stay the petition while he exhausts his state court remedies by filing a motion for relief from judgment in the trial court.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 2005), *citing* Rhines v. Weber, 544 U.S. 269 (2005). The filing of a "protective petition" is appropriate when a mixed petition has been filed close to the end of the one-year limitations period, because, in such cases, "the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." Rhines, 544 U.S. at 275. Here, Petitioner has filed his habeas petition close to the end of the one-year limitations period. Thus, the Court accepts Petitioner's filing of a protective petition.

Petitioner requests that the Court stay the petition and hold further proceedings in abeyance pending resolution of his state court post-conviction proceedings. The Court may grant such a request provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 278. Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Thus, Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds

that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court will impose time limits within which Petitioner must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty (60) days from the date of this Order. *See* id. Further, he must ask the Court to lift the stay within sixty (60) days of exhausting his state court remedies. *See* id.; "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

III.

Accordingly, Petitioner's request to stay the habeas corpus petition and hold further proceedings in abeyance is **GRANTED**. If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the

petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

To avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED**.

      s/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  April 24, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 24, 2007, by electronic and/or ordinary mail.

      s/Vee Sims for Julie Owens  
      Case Manager, (313) 234-5160