# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEMETRIUS McBRIDE,

    Petitioner,                                                Case No. 07-CV-11156

                                                                       HON. AVERN COHN

v.

BLAINE LAFLER,

    Respondent.

_____/

## ORDER STAYING PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Demetrius Darnell McBride (Petitioner) is a state inmate who has filed a *pro se* petition for a writ of habeas corpus challenging his convictions for armed robbery, felon in possession of a firearm, and felony-firearm. Within the body of the petition, Petitioner has requested that the petition for writ of habeas corpus be stayed to permit him to return to the state courts to exhaust claims with the state courts. For the reasons that follow, the request shall be granted.

### II. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. McBride,* No. 252505 (Mich.Ct.App. August 16, 2005); *lv. den.* 474 Mich. 982 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. The trial court abused his discretion by admitting evidence that binoculars, a pair of leather gloves, a knit cap, a ski mask and a flashlight were found in appellant's car during an inventory search following appellant's arrest for armed robbery, thereby denying him his state and federal constitutional rights to a fair trial.

II. Petitioner was convicted on the basis of irrelevant and inadmissible evidence of items found in his car in violation of his right to due process, and his trial attorney's failure to move to suppress the identifications denied him the right to effective assistance of counsel. U.S. Const Am. XIV, Mich. Const. Art. 1., Sec. 17.

III. Petitioner's constitutional rights were violated when the prosecution questioned Petitioner if his religious belief was that of the Islamic faith, clearly depriving him of a fair trial by deliberately examining his belief in a God.

IV. Prosecutorial misconduct deprived Petitioner of his Sixth and Fourteenth Amendment rights to a fair and impartial trial where the prosecution invaded the province of the jury by improperly eliciting opinion testimony from the lay witness/victim that Petitioner was the person depicted in the surveillance video, where the prosecution misled the jury by misstating the evidence and arguing facts not in evidence, by shifting the burden of proof, and by improperly commenting on petitioner's economic status implying his propensity to commit the charged offense.

V. Petitioner was deprived of his Sixth Amendment constitutional right to the effective assistance of trial counsel where counsel failed to request a *Wade* hearing based on suggestive pre-trial encounters, failed to object to several instances of prosecutorial misconduct, failed to investigate and introduce petitioner's medical records which would have shown that he was physically incapable of committing the acts alleged in the instant offense, failed to call a medical expert, failed to prepare for trial and properly present petitioner's defense, failed to properly question petitioner on direct exam so that he could adequately respond to the prosecution's case, and failed to object to the introduction of the selected still photographs admitted into evidence pursuant to the "best evidence rule" and the "rule of completeness." The cumulative effect of counsel's professional errors deprived petitioner of his Sixth and Fourteenth Amendment rights to a fair and impartial trial.

VI. Petitioner was deprived of his Sixth Amendment right to the effective assistance of appellate counsel where counsel failed to raise several meritorious issues upon request which would have established beyond a reasonable doubt that petitioner could not have committed the crime and

is actually innocent of the charged offense.

### III. Discussion

Petitioner requests that his habeas petition be held in abeyance so that he can return to the state courts to exhaust his fourth, fifth, and sixth claims, which have never been presented to the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Where, as here, a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for

3

his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269 (2005). The Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).

Petitioner appears to argue that his unexhausted claims were not presented as federal constitutional claims in the state courts because his appellate attorney was ineffective. On remand from the Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). An appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. Feb. 2, 2006). Furthermore, Petitioner's claims do not appear plainly meritless. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics." Thus, a stay is appropriate.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court shall impose

4

time limits within which he must proceed.

### IV. Conclusion

Accordingly, further proceedings in this case are STAYED pending exhaustion of state court remedies. The case shall be stayed provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this Order, and (2) Petitioner returns to this Court to request that the stay be lifted within **sixty (60) days** of exhausting state court remedies.

To avoid administrative difficulties, the Court orders the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED.**

          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: May 30, 2007

I hereby certify that a copy of the foregoing document was mailed to Demetrius McBride 192829, St. Louis Correctional Facilty, 8585 N. Croswell Road, St. Louis, MI 48880 on this date, May 30, 2007, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5160