UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS McBRIDE,

    Petitioner,                                               Case No. 2:07-CV-11156

v.                                                                  HON. AVERN COHN

JEFFREY WOODS,

    Respondent.
_____/

**ORDER
GRANTING PETITIONER'S MOTION TO LIFT THE STAY OF PROCEEDINGS
AND MOTION FOR LEAVE TO AMEND THE PETITION (Doc. No. 5)
AND
AMENDING THE CASE CAPTION
AND
DIRECTING THAT THE AMENDED PETITION BE SERVED UPON THE
RESPONDENT AND THAT RESPONDENT FILE AN ANSWER AND THE RULE
5 MATERIALS WITHIN 180 DAYS**

I.

This is a habeas case. Demetrius Darnell McBride, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for armed robbery, felon in possession of a firearm, and felony-firearm. On April 24, 2007, the Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims that he had failed to raise in the state courts prior to filing his habeas petition. The Court also

administratively closed the case. *See* Order Granting Petitioner's Request to Hold Petition For Writ of Habeas Corpus in Abeyance and Administratively Closing the Case. Doc. No. 2.

Petitioner has now filed a motion to lift the order holding the habeas corpus petition in abeyance and for leave to amend the petition for writ of habeas corpus. For the reasons that follow, the motion will be granted.

II.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Pillette v. Berghuis,* 630 F. Supp. 2d 791, 795 (E.D. Mich. 2009); *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because Petitioner is now alleging that his claims have been exhausted with the state courts, the petition is now ripe for consideration. Accordingly, the stay will be lifted and the petition will be reopened.

As to Petitioner's request to amend the petition, the decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). Here, there is no indication that allowing the amendment would cause any delay to this Court nor is

there any evidence of bad faith on Petitioner's part in bringing the motion to amend or prejudice to Respondent if the motion is granted. Thus, Petitioner is entitled to amend the petition.

Additionally, the caption in this case shall be amended to reflect that the proper respondent in this case is now Jeffery Woods, the warden of Kinross Correctional Facility in Kincheloe, Michigan, where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254*.*

Finally, the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

## III.

For the reasons stated above, Petitioner's motion to lift the stay and for leave to amend the petition is GRANTED. This case is returned to the Court's active docket.

The caption of the case is AMENDED to reflect that Jeffrey Woods is the proper respondent in this case.

The Clerk of the Court shall serve a copy of the amended petition for writ of habeas corpus that was filed on August 6, 2010 and a copy of this Order on Respondent and the Attorney General by first class mail.

Respondent shall file an answer and produce the entire state court record within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order. Petitioner shall have **forty five (45) days** from the date that he receives the answer to file a reply brief.

**SO ORDERED.**


Dated: August 12, 2010            S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Demetrius McBride, 192629, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 on this date, August 12, 2010, by electronic and/or ordinary mail.

                                                   S/Deborah R. Tofil
                                                   Relief Case Manager, (313) 234-5160